**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

Robert W. Bright,

               Plaintiff,

      v.

Gallia County, Ohio and the
Board of Commissioners of
Gallia County, Ohio, et al.

           Defendants.

Case No. 2:12-cv-800

Judge Graham

Magistrate Judge Deavers

<u>OPINION AND ORDER</u>

      This matter is before the Court on Motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by defendants Gallia County, Ohio and the Board of Commissioners of Gallia County, Ohio (doc. 20) and the Gallia County Public Defender Commission (doc. 28).

**I.**    **Factual Background**

      Plaintiff Robert Bright's complaint arises from the termination of his employment by the Gallia County Criminal Defense Corporation.  Plaintiff was terminated from his position as a public defender after defendant Judge David Dean Evans issued orders removing him from all felony criminal cases to which he was assigned.  Two prior orders provide a detailed overview of the facts of this case.  <u>See</u> docs. 43, 52.  The following is a brief summary of the plaintiff's claims against the moving defendants, the Gallia County Board of Commissioners ("the Board") and the Gallia County Public Defender Commission ("the Commission").  Plaintiff brings one of his five causes of action against the moving defendants.  Plaintiff alleges that the Board, the Commission, and the other defendants "under color of law, deprived Plaintiff of clearly established rights, privileges, and immunities secured by the First and Fourteenth Amendment to the United States Constitution

1

including but not limited to the right to free speech, free association, substantive due process, procedural due process and equal protection under the law." Doc. 18 ¶ 47.

To support his claim under § 1983, plaintiff alleges that the Board is legally required to provide public defender services, and that it does so through the Commission and the Gallia County Criminal Defense Corporation. Doc. 18 ¶ 4. Plaintiff alleges that the Commission is a policymaker for the County with respect to provision of public defender services and that defendant Judge Evans appoints two of the five members of the Commission. Doc. 18 ¶ 5, 13.

Plaintiff's complaint makes very few allegations regarding actions that the Board or the Commission took to deprive him of a federal right. For the most part, he claims only that the Board and the Commission failed to protect him from the allegedly wrongful actions of other defendants. For example, plaintiff alleges that "[a]t no time did the [Board or the Commission] formally challenge the actions of Judge Evans terminating Plaintiff as a public defender . . . ." Doc. 18 ¶ 31. Similarly, the Board and the Commission "acquiesced in" plaintiff's termination "despite their duty to provide public defender services in accordance with the state public defender standards." Doc. 18 ¶ 39. Plaintiff also alleges that the Board and Commission had a policy of "knowingly failing to protect Mr. Bright from the clearly illegal actions by Defendants [Criminal Defense Corporation] and Judge Evans . . . ." Doc. 18 ¶ 40.

Finally, plaintiff includes two general allegations against all defendants, that "in taking away Mr. Bright's livelihood [they] were irrational and wholly arbitrary," and that they "singled out the Plaintiff in retaliation for exercising his freedom of speech . . . ." Doc. 18 ¶¶ 41, 42.

## II.    Standard of Review

Federal Rule of Civil Procedure 8(a) requires that a pleading contain a "short and plain

statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  When considering a motion under Rule 12(b)(6) to dismiss a pleading for failure to state a claim, a court must determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A court should construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true.  Iqbal, 556 U.S. at 679; Erickson v. Pardus, 551 U.S. 89, 93-94 (2007); Twombly, 550 U.S. at 555-56.

Despite this liberal pleading standard, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 556 U.S. at 678; see also Twombly, 550 U.S. at 555, 557 ("labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do," nor will "naked assertion[s]" devoid of "further factual enhancements"); Papasan v. Allain, 478 U.S. 265, 286 (1986) (a court is "not bound to accept as true a legal conclusion couched as a factual allegation").  The plaintiff must provide the grounds of his entitlement to relief "rather than a blanket assertion of entitlement to relief."  Twombly, 550 U.S. at 556 n.3.  Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."  Iqbal, 556 U.S. at 679.

When the complaint does contain well-pleaded factual allegations, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Iqbal, 556 U.S. at 679.  "A claim has facial plausibility when the plaintiff pleads factual content that allows

3

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. Though "[s]pecific facts are not necessary," Erickson, 551 U.S. at 93, and though Rule 8 "does not impose a probability requirement at the pleading stage," Twombly, 550 U.S. at 556, the factual allegations must be enough to raise the claimed right to relief above the speculative level and to create a reasonable expectation that discovery will reveal evidence to support the claim. Iqbal, 556 U.S. at 678-79; Twombly, 550 U.S. at 555-56.  This inquiry as to plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'– 'that the pleader is entitled to relief.'"  Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

**III.    Analysis**

a) Defendants' alleged violations of 42 U.S.C. § 1983 by their own actions

"To state a cognizable claim against an individual under § 1983, 'a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law.'" Heyerman v. County of Calhoun, 680 F.3d 642, 647 (6th Cir. 2012) (quoting Sigley v. City of Parma Heights, 437 F.3d 527, 533 (6th Cir. 2006)).  Plaintiff has only alleged that the Board and Commission took a small number of actions that could have directly denied him some federal right. He alleges that they acted arbitrarily and retaliated against him for his speech.  Doc. 18 ¶¶ 41, 42. These bare bones allegations are insufficient to state a claim under Section 1983.  The allegation that defendants generally acted arbitrarily is a legal conclusion devoid of factual support.  Nor is it plausible that the Board or the Commission retaliated against him.  Neither the Board nor the

4

Commission terminated plaintiff from his position, nor does plaintiff make any allegations on which to rest a claim that they declined to help him in retaliation for his speech.  Plaintiff has not stated a claim that the Board or the Commission violated § 1983 by their own actions.

b) Monell liability

Plaintiff's other theory under § 1983 is that the Board and the Commission may be liable because they declined to intervene on plaintiff's behalf and protect him from the Criminal Defense Corporation or Judge Evans.  Generally, there is no vicarious liability under § 1983.  See Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999).  However, in some instances, a local government may be liable under § 1983 for the acts of others:

> A § 1983 plaintiff seeking to hold a municipality liable must therefore allege that the particular injury complained of flowed from the execution of the municipality's policy or custom.  Garner v. Memphis Police Dep't, 8 F.3d 358, 361, 363–64 (6th Cir.1993).  But policy or custom does not have to be written law; it can be created "by those whose edicts or acts may fairly be said to represent official policy." Monell[ v. Dep't of Soc. Servs., 436 U.S. [658,] 694 [(1978)]; see also Pembaur v. City of Cincinnati, 475 U.S. 469, 483 (1986) ("[M]unicipal liability under § 1983 attaches where—and only where—a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.").

Plaintiff seeks to hold the Board and the Commission liable for the actions of defendants Judge Evans and the Criminal Defense Corporation.  See doc. 23 at 8-9, doc. 33 at 8-9.

As an initial matter, plaintiff cannot base a Monell claim on the actions of the Criminal Defense Corporation allegedly acting in accord with a policy of the Board or the Commission.  In a prior order, the Court held that the Criminal Defense Corporation did not deprive plaintiff of any federal rights.  See doc. 52.  Without an underlying deprivation of federal rights, there can be no claim for municipal liability for such a deprivation.

This leaves only plaintiff's claim that the alleged deprivation of his federal rights by

defendant Judge Evans "flowed from the execution of the municipality's policy or custom." <u>Garner</u>, 8 F.3d at 361.  But plaintiff has not made any allegations from which to conclude that Judge Evans's actions "flowed" from the policy of the Board or the Commission.  At best, plaintiff has alleged that the Board and the Commission had a policy of deferring to Judge Evans.  Though deference and acquiescence may be evidence of a policy or custom, <u>see</u> <u>Monell</u>, 436 U.S. at 690-91, a policy of deference does not alone cause a deprivations of federal rights.  In order to state a claim that the Board or the Commission are liable under <u>Monell</u>, plaintiff would have needed to plead that the Board or the Commission had a policy or custom that, when followed, *caused* the deprivation of a federal right belonging to the plaintiff.  Further, plaintiff would have needed to plead that Judge Evans's actions flowed from that policy.  Plaintiff has plead neither, nor do his allegations make it plausible that either the Board or Commission had the type of influence or control over the judge that would allow his actions to flow from Board or Commission policy.

## V.  Conclusion

Based on the foregoing reasons, motions to dismiss filed by the Gallia County Board of Commissioners and the Gallia County Public Defender Commission (docs. 20, 28) are GRANTED.  The motion to stay discovery filed by the Commission and the Board (doc. 42) is DENIED as moot.

IT IS SO ORDERED.

S/ James L  Graham
James L. Graham
UNITED STATES DISTRICT JUDGE

Date: June 3, 2013